

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-13-2007

# Brown v. Beard

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2169

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Brown v. Beard" (2007). *2007 Decisions*. Paper 437.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/437

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-347                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-2169
_____

CHARLES EDWARD BROWN,

Appellant

v.

JEFFREY BEARD; SHARON BURKS;
KRISTEN RESINGER; THOMAS LAVAN;
GEORGE MATHEWS; RICHARD HOLMES;
JOSEPH FREDERICK; JOSEPH HOLOCHECK;
MIKE TRUCHON
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 04-CV-02625)
District Judge: Honorable A. Richard Caputo
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Possible  Summary
Action Under Third Circuit LAR 27.4 and I.O.P. 10.6

August 16, 2007

Before: MCKEE, FUENTES AND VANANTWERPEN, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed: September 13, 2007)

_____

OPINION

_____

PER CURIAM

Charles Edwards Brown appeals from an order of the United States District Court for the Middle District of Pennsylvania, granting summary judgment in favor of the defendants in his civil rights action.[1]  For the reasons stated below, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e).

Brown filed a complaint in the District Court, alleging that he had to endure extreme cold temperatures while housed at the State Correctional Institution in Dallas ("SCI-Dallas"), including "temperatures ranging from twenty-six (26) to minus fifteen (-15) . . . causing Plaintiff substantial physical harm . . . in violation of Plaintiff's Eighth Amendment right to adequate shelter and heat."  Brief in Opposition to Summary Judgment motion, Doc. 170 at 4.  Prison officials must provide humane conditions of confinement by ensuring that inmates receive adequate food, clothing, shelter, and medical care. See Farmer v. Brennan, 511 U.S. 825, 832 (1994).  A prison official violates the Eighth Amendment when:  (1) the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities"; and (2) he is deliberately indifferent to inmate health or safety.  See id. at 834.   We agree with the District Court that Brown failed to proffer evidence to survive summary judgment on

_____

[1] Brown also appeals from an order denying him a copy of the judge's notes regarding a preliminary injunction hearing, an order denying a motion to strike the defendants' affidavits, an order denying appointment of counsel, and an order denying Brown's motion for an enlargement of time to complete discovery and motion to compel discovery.  We hold that the District Court properly denied those motions for the reasons stated in the challenged orders.

2

either of the two requirements.

First, it is not clear that Brown suffered a denial of adequate heat. Brown alleges that he was exposed to extreme temperatures, but he does not point to any evidence in the record that would support his allegations. See Berckeley Inv. Group, Ltd. V. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006) ("the nonmoving party must point to some evidence in the record that creates a genuine issue of material fact," and "cannot rest solely on assertions made in the pleadings, legal memoranda or oral argument.") (internal citations omitted). Defendants submitted evidence showing that when Brown complained of the temperature in his cell, defendants came to his cell and measured the temperature. The lowest temperature recorded was 75° at the floor level and 67.1° at chest height. Doc. 154. Further, Brown did not allege that he suffered serious medical injuries as a result of his alleged exposure to cold.

Second, even assuming Brown was at some point exposed to extreme cold, he cannot show that prison officials were deliberately indifferent to his needs. Brown never requested extra blankets or a move to a warmer cell, but prison officials did at one point move him to a cell which was supposed to be warmer. Doc. 155 at 7. Prison officials installed new circulating pumps in January 1991 and installed new heating pipes in certain cells in 2000 and 2001. Doc. 154 at 9. Maintenance personnel check into complaints regarding lack of heat either the same day or the following day, and do not ignore complaints of lack of heat. Doc. 154 at 10-13. We agree with the District Court that Brown did not meet his burden of pointing to some evidence in the record that creates

a genuine issue of material fact regarding his allegations that defendants violated his Eighth Amendment rights by exposing him to extreme cold.

For the foregoing reasons, we will dismiss the appeal for failing to state a claim upon which relief may be granted.